IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-76,863






EX PARTE SCOTTY MURL CASSELMAN, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 8983-A IN THE 132ND DISTRICT COURT


FROM SCURRY COUNTY






 Per curiam.


O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant entered an open plea of guilty to
possession of a controlled substance in a drug free zone, and was sentenced to forty years'
imprisonment. 

 Applicant contends, inter alia, that his counsel rendered ineffective assistance because he
incorrectly advised Applicant that he would have to waive his right to appeal if he entered an open
plea of guilty, and would have to seek the trial court's permission to appeal. We remanded this
application to the trial court for findings of fact and conclusions of law.

 The trial court has determined that counsel did advise Applicant incorrectly, and that
counsel's performance was deficient in that respect. However, the trial court finds that Applicant
was not prejudiced by counsel's incorrect advice. We disagree. We find that Applicant is entitled
to the opportunity to file an out-of-time appeal of the judgment of conviction in Cause No. 8983-A
from the 132nd District Court of Scurry County. Applicant is ordered returned to that time at which
he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a
meaningful appeal. Within ten days of the issuance of this opinion, the trial court shall determine
whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the
trial court shall immediately appoint an attorney to represent Applicant on direct appeal. All time
limits shall be calculated as if the sentence had been imposed on the date on which the mandate of
this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take
affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate
of this Court issues.

 Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional
Institutions Division and Pardons and Paroles Division. 


Delivered: August 22, 2012

Do not publish